STATE of Iowa, Appellant,

v.

David Lee HARMAN, Appellee.

No. 90–50.

Court of Appeals of Iowa.

April 2, 1991.

Bonnie J. Campbell, Atty. Gen., Amy M. Anderson, Asst. Atty. Gen., and Kurt J. Stoebe, County Atty., for appellant.

Gary G. Mattson of LaMarca & Landry, P.C., West Des Moines, for appellee.

Considered by OXBERGER, C.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

While operating a motorcycle, David Harman was stopped for two traffic violations. The arresting officer asked permission to search the motorcycle. Harman consented. The officer then searched the motorcycle, including a leather jacket attached by a "bungy cord" to the handlebars. In a pocket of the jacket, the officer found a loaded gun. Harman was later charged with carrying a concealed weapon in violation of Iowa Code section 724.4.

Harman filed a motion to suppress any evidence concerning the gun found in the jacket. The district court sustained this motion and ordered evidence about the gun suppressed. The district court held Harman had consented only to a search of the motorcycle, and the search of the jacket exceeded the scope of Harman's consent.

The State applied for discretionary review to challenge the district court's suppression order. The supreme court has granted discretionary review.

The State contends the seizure of the gun can be upheld on either of two theories. First, the State argues Harman's consent extended not only to the search of the motorcycle, but also to the search of the jacket attached to the motorcycle handlebars. Second, the State argues the search was justified as a protective weapons search. The State argues the search extended only to those areas where Harman could easily have reached for a weapon to harm the officer.

■ When a defendant is alleging error involving a constitutional right, such as here, we make an independent evaluation of the totality of the relevant circumstances to determine if such an error was made. *Rinehart v. State*, 234 N.W.2d 649, 658 (Iowa 1975); *State v. Jeffries*, 417 N.W.2d 237, 239 (Iowa App.1987).

■ We need only decide if the search and seizure was legal under one of the State's two theories. Because we find Harman's consent was sufficient to cover the area of the search, including the jacket strapped to the handlebars of the motorcycle, we reverse.

Searches and seizures conducted without a warrant are per se unreasonable unless they fit within one of several well defined exceptions. [Authorities] Therefore, absent a warrant, the burden is on the State to demonstrate that the officers' action were lawful. [Authorities] Consent is one such exception. [Authorities]. The consent must be freely and voluntarily given and not a mere submission to authority. [Authority.]

*State v. Kelly*, 284 N.W.2d 236, 238 (1979) (quoting *State v. Ege*, 274 N.W.2d 350, 352 (Iowa 1979).

■ The person giving consent may limit the scope of the search consented to. *Kelly*, 284 N.W.2d at 238. The searching officers are bound to respect those limitations. *Id.*

Harman does not argue his consent was involuntary or coerced. Nor is there evidence Harman attempted to limit the scope of the search of his motorcycle. *See United States v. Kapperman*, 764 F.2d 786 (11th Cir.1985). Therefore, we determine the officer involved here must only have acted reasonably in limiting the scope of his search to the area defined by the consent, in this case the motorcycle and its contents. *Kelly*, 284 N.W.2d at 238–39.

To hold otherwise would be unreasonable. The officer obviously was not limited to searching only the mechanical parts of the motorcycle, such as the tailpipe or carburetor, when he received permission to search the motorcycle. He could search the saddlebags and other luggage, together with their contents. Unless Harman had objected, the officer could search any clothes in those saddlebags. It is only reasonable the officer could search a jacket likewise attached to the motorcycle.

The officer did not coerce the consent to this search. Harman could have withdrawn or limited his consent at any time. He chose not to do so. Therefore, he is bound by his consent.

We reverse the trial court and remand this case for trial.

REVERSED.